UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 19-905-DMG (SPx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | *Teresa Rivas v. Target Corporation, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [9]**

## I.
## BACKGROUND

Plaintiff Teresa Rivas claims that she suffered injuries when she slipped and fell on a puddle of water on the floor of a Target store in November 2017. On February 5, 2019, Plaintiff filed a Complaint in San Bernardino Superior Court against Target Corporation and 50 Doe Defendants. She asserts claims for general negligence and premises liability. Notice of Removal, Ex. A [Doc. # 1-1 ("Complaint")]. According to Plaintiff, Defendants negligently failed to keep the premises safe and warn her of the puddle on which she slipped. [Doc. # 9 ("Motion to Remand" or "MTR") at 3.] Plaintiff claims that, as a result of her injuries, she incurred expenses for medical treatment. *Id.*

Shortly after she filed the Complaint, Target contacted Plaintiff's counsel to ask whether Plaintiff's damages exceed $75,000. Opp'n, Ex. A at 8-9 [Doc. # 15]. Plaintiff estimated that her damages exceeded that amount. Removal Notice, Ex. D at 18. Two days later, on May 2, 2019, Plaintiff substituted Octavio Aguilar, the Target store manager at the time of the incident, as a Defendant in place of one of the Doe Defendants she originally named. MTR, Ex. A at 4 [Doc. # 9-1].

On May 14, 2019, Defendant Target removed the action, alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332 because Plaintiff is a California citizen, Target is citizen of Minnesota, and the amount in controversy exceeds $75,000. Notice of Removal at ¶¶ 2-5. On May 31, 2019, Plaintiff filed a Motion to Remand based on the theory that Defendant Aguilar, a California citizen, destroys diversity jurisdiction. [Doc. # 9.]. The MTR is fully briefed. [Doc. ## 15 ("Opp'n"), 16 ("Reply").]. Having considered the parties' written submissions, the Court **GRANTS** the MTR.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6 / REMAND

Case No.   ED CV 19-905-DMG (SPx)                                    Date   July 18, 2019

Title   *Teresa Rivas v. Target Corporation, et al.*                 Page   2 of 4

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. section 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted); *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

Fraudulently joined defendants do not defeat removal on diversity grounds. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A non-diverse defendant is fraudulently joined, "and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

When contesting removal, a plaintiff is limited to the allegations stated in its complaint. *See Ritchey*, 139 F.3d at 1318 (To determine whether joinder of a defendant is fraudulent, district courts must "look only to a plaintiff's pleadings to determine removability" and "will determine the 'existence of federal jurisdiction . . . solely by an examination of the plaintiff's case.") (citations omitted). When opposing remand, however, a defendant may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* (citing *McCabe*, 811 F.2d at 1339). A defendant opposing remand must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 19-905-DMG (SPx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | *Teresa Rivas v. Target Corporation, et al.* | Page | 3 of 4 |

## III.
## DISCUSSION

Plaintiff argues that the Court lacks subject matter jurisdiction under 28 U.S.C. section 1332 because Plaintiff and Aguilar are not completely diverse. Target responds that the Court should disregard Aguilar's citizenship because Plaintiff fraudulently joined Aguilar for the sole purpose of destroying diversity.[1] Target's arguments against remand are not well defined, but it appears to assert that the doctrine of vicarious liability and California's managerial privilege prohibit Plaintiff from possibly stating a valid claim against Aguilar.[2]

Neither legal principle that Target invokes precludes Plaintiff from possibly prevailing on her claims against Aguilar. First, although it is black-letter law that an employer like Target can be vicariously liable for the conduct of an employee acting within the scope of his employment, Target cites no authority for the proposition that vicarious liability immunizes employees from liability for that conduct. Target cites *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986), in support of its vicarious liability argument, but that cited passage establishes nothing more than the general defining principles of vicarious liability. *See* Opp'n at 3-4. Target has therefore failed to carry its burden to establish that Plaintiff's inability to state a claim against Aguilar is "obvious according to the settled" vicarious liability "rules of the state." *See McCabe*, 811 F.2d at 1339. To the contrary, long-settled California law provides that "[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability." *Perkins v. Blauth*, 127 P. 50, 52 (Cal. 1912); *see also PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1381 (2000) ("[A]n agent is liable for her or his own acts, regardless whether the principal is also liable.").

Target's privilege argument fares no better. It cites *McCabe* for the proposition that employees' actions taken "in the interests of their employer and not to benefit themselves" are

---

[1] Target insinuates that Plaintiff acted in bad faith by naming Aguilar as a Defendant. *See* Opp'n at 2. Even if Plaintiff did act in bad faith, however, a plaintiff's intentions do not play into the fraudulent joinder analysis. *Albi v. Street Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944) ("[I]t is universally thought that the motive for joining such a defendant is immaterial. It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal."); *Cofer v. Parker-Hannifin Corp.*, 194 F. Supp. 3d 1014, 1022 (C.D. Cal. 2016) ("The term 'fraudulent joinder' . . . does not connote any intent to deceive on the part of plaintiffs or their counsel.").

[2] Indeed, the briefing for this motion falls well below the recognized standards for litigating in federal court. The briefing is so abbreviated that it borders on incomplete, and both parties consistently fail to support their arguments with legal authority. What little authority the parties do include is largely misapplied and unhelpful.

UNITED STATES DISTRICT COURT	JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | ED CV 19-905-DMG (SPx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | *Teresa Rivas v. Target Corporation, et al.* | Page | 4 of 4 |

"privileged." Opp'n at 3. That characterization, however, appears to stretch *McCabe* and the managerial privilege too far. The portion of *McCabe* that Target cites states that "it is clear that 'if an advisor is motivated in part by a desire to benefit his principal,' his conduct is, under California law, privileged." *McCabe*, 811 F.2d at 1339 (quoting *L.A. Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982)). That language, and the privilege discussed in *McCabe*, apply only to advice that a manager provides to his or her employer. Since Plaintiff's claims against Aguilar do not arise out of any advice Aguilar offered to Target, *McCabe* does not shield Aguilar from liability.

Since Target's only arguments against remand are unpersuasive, the Court is left to conclude that Plaintiff may be able to bring valid claims against Aguilar. Under California law, the elements for Plaintiff's negligence and premises liability claims are the same: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158 (2016). Plaintiff alleges that Target and Aguilar breached the duty to keep the floor safe or warn of the hazard that injured Plaintiff after having sufficient notice of its existence. *See* Complaint, Ex. A. On its face, therefore, the Complaint contains sufficient facts to support claims for negligence and premises liability. Because Target has not carried its burden to demonstrate that Plaintiff fraudulently joined Aguilar, the Court must consider his citizenship for jurisdictional purposes. The fact that Plaintiff and Aguilar both reside in California, therefore, destroys diversity jurisdiction and necessitates remand.

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's MTR. The action is hereby **REMANDED** to the San Bernardino County Superior Court. The July 19, 2019 hearing on the MTR is **VACATED**.

**IT IS SO ORDERED.**